**Naim MATAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74672.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 25, 2007.

Frank T. Morell, Esq., Chula Vista, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kevin O'D. Driscoll, Esq., U.S. Department of Justice, Criminal Division/Appellate Section, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM **

Naim Mataj, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for substantial evidence, *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), we grant the petition for review and remand.

■ Substantial evidence does not support the IJ's adverse credibility determination because it is based, in part, on speculation and conjecture. *See id.* at 1071. Further, Mataj's failure to seek asylum in other countries before arriving in the United States does not undermine his asylum claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1107 (9th Cir.2006). Other inconsistencies articulated by the IJ, including whether Mataj was in Albania when he says he was, are not supported by the record. Finally, the remaining discrepancies relied upon by the IJ are minor and do not go to the heart of Mataj's asylum claim. *See Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir.2004).

Having reversed the IJ's adverse credibility determination, we grant the petition for review and remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**